IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| AINSWORTH C. JACKSON, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-21-2426 |
| JP MORGAN CHASE BANK, N.A., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

In this action, Plaintiff Ainsworth C. Jackson brings Fair Credit Reporting Act and

Maryland consumer protection claims against Defendant JP Morgan Chase Bank, N.A. ECF Nos.

1, 4. Defendant has filed a Motion to Dismiss, ECF No. 8, and Plaintiff has filed a Motion for

Summary Judgment, ECF No. 11. Additionally pending is Plaintiff's Motion to Introduce

Evidence, ECF No. 15, and Defendant's Motion to Strike, ECF No. 16. No hearing is necessary.

*See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Court will grant the Motion to

Dismiss, which will render the remaining motions moot.[1]

### I.    BACKGROUND[2]

Plaintiff Jackson filed the Complaint against Defendant JP Morgan Chase Bank in the

District Court of Maryland for Prince George's County on September 24, 2020. ECF Nos. 1, 4.[3]

---

[1] Additionally pending is the Motion to Withdraw as Attorney, ECF No. 18, which is granted. The appearance of E. Hutchinson Robbins, Jr., is stricken.

[2] All facts herein are taken from Plaintiff's Complaint, ECF No. 4, and presumed true.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Defendant was first served on September 7, 2021. *See* ECF No. 1. Defendant removed the action

to this Court on September 22, 2021, pursuant to 28 U.S.C. § 1441(a). *Id.* Defendant filed the

Motion to Dismiss on September 29, 2021. ECF No. 8. Plaintiff responded with a Motion for

Summary Judgment. ECF No. 11. Plaintiff then filed a Motion for the Introduction of Prima

Facie Evidence. ECF No. 15. Defendant then filed the Motion to Strike, alleging that Plaintiff's

evidence motion is an improper sur-reply. ECF No. 16.

## II.        STANDARD OF REVIEW

"A defendant may test the adequacy of a complaint by way of a motion to dismiss under

Rule 12(b)(6)." *Maheu v. Bank of Am.*, N.A., No. 12-cv-508-ELH, 2012 WL 1744536, at *4 (D.

Md. May 14, 2012) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). To overcome

a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads

factual content that allows the Court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* In evaluating the sufficiency of Plaintiff's claims, the Court

accepts factual allegations in the Complaint as true and construes the factual allegations in the

light most favorable to the Plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd*

*of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). Self-represented litigants'

pleadings are "liberally construed" and "held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation

marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a

plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014),

*aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*,

No. 10-cv-3517-DKC, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se

litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable

claim.") (citation omitted), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

### III.    DISCUSSION

The Complaint is comprised of a few sentences and two exhibits. *See* ECF No. 4.

Plaintiff asserts defamation, Fair Credit Reporting Act ("FCRA") violations, Maryland

Consumer Debt Collections Act ("MCDCA") violations, and Maryland Consumer Protection Act

("MCPA") violations against Defendant JP Morgan Chase. *See* ECF No. 4. Plaintiff contends

that he has never held an account with JP Chase Morgan, and therefore, any credit reporting by

Defendant claiming that Plaintiff owes money is false. *Id.* Plaintiff contends that Defendant's

false reporting has affected his credit score and ability to make purchases. *Id.* Plaintiff also

provides a copy of his credit report, which shows an account with "JPMCB AUTO." *See* ECF

No. 4-1. Plaintiff also provides a copy of an educational sheet on the Maryland Financial

Consumer Protection Act of 2018. *See* ECF No. 4-2.

First, as to Plaintiff's Fair Credit Reporting Act ("FCRA") claim, 15 U.S.C. § 1681s-2, to

demonstrate Defendant's liability as a "furnisher" of credit information, Plaintiff must:

> demonstrate that (1) he notified a [credit reporting agency] of the disputed
> information, (2) the [credit reporting agency] notified the furnisher of the
> dispute, and (3) the furnisher failed to investigate and modify the inaccurate
> information.

*Tolson v. Democracy Fed. Credit Union*, No. 19-cv-1800-PX, 2020 WL 406939, at *2 (D. Md.

Jan. 24, 2020) (citing 15 U.S.C. § 1681s-2(b)). Plaintiff makes no allegations in the Complaint

regarding any of these elements. Plaintiff's FCRA claim is dismissed.

Second, as to Plaintiff's defamation claim, the FCRA preempts any defamation action

"with respect to the reporting of information against any consumer reporting agency, any user of

information, or any person who furnishes information to a consumer reporting agency . . . except

as to false information furnished with malice or willful intent to injure such consumer." 15

U.S.C. § 1681h. In the Complaint, Plaintiff makes no allegations that Defendant acted with

"malice or willful intent." *See Beuster v. Equifax Info. Servs.*, 435 F. Supp. 2d 471, 477 (D. Md.

2006) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 280, 84 S. Ct. 710, 726, 11 L. Ed.

2d 686 (1964)). The defamation claim is dismissed.

Third, Plaintiff's Maryland Consumer Debt Collection ("MCDCA") and Maryland

Financial Consumer Protection Act ("MCPA") claims are preempted by the FCRA. The FCRA

"provides 'no requirement or prohibition may be imposed under the laws of any State (1) with

respect to any subject matter regulated under . . . Section 1681s–2 of this title, relating to the

responsibilities of persons who furnish information to consumer reporting agencies[.]'"

*Magruder v. Educ. Sys. Fed. Credit Union*, 194 F. Supp. 3d 386, 390–91 (D. Md. 2016) (quoting

15 U.S.C.A. § 1681t). Thus, state law claims involving "reporting of inaccurate credit

information . . . run[] into the teeth of the FCRA preemption provision." *Ross v. F.D.I.C.*, 625

F.3d 808, 813 (4th Cir. 2010); *see, e.g., White v. Green Tree Servicing, LLC*, 118 F. Supp. 3d

867, 872 (D. Md. 2015) (dismissing MCPA and MCDCA claims because of the FCRA's

preemption provision). These claims are also dismissed.

Plaintiff attempts to clarify his claims and add more allegations in subsequent briefing.

*See* ECF Nos. 11, 14. But a plaintiff is "bound by the allegations contained in its complaint and

cannot, through the use of motion briefs, amend the complaint." *Zachair, Ltd. v. Driggs*, 965 F.

Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Thus, the Court will

grant Defendant's Motion to Dismiss. The Motion for Summary Judgment, the Motion to

Introduce Prima Facie Evidence, and the Motion to Strike are moot. *See* ECF Nos. 11, 15, 16.[4]

---

[4] Both the Motion for Summary Judgment, ECF No. 11, and the Motion to Introduce Prima Facie Evidence, ECF No. 15, also fail on their merits. In contradiction to Plaintiff's assertion that he is entitled to summary judgment, the

## IV.    CONCLUSION

For the reasons discussed, Defendant's Motion to Dismiss is granted. The dismissal is

without prejudice to Plaintiff's ability to file an amended complaint within 21 days. The Motion

for Summary Judgment, ECF No. 11, the Motion to Introduce Prima Facie Evidence, ECF No.

15, and the Motion to Strike, ECF No. 16, are moot. A separate Order follows.


Dated:  May 25, 2022                                          /s/
                                                      GEORGE J. HAZEL
                                                      United States District Judge

---

proffered evidence undercuts Plaintiff's argument that he had no account with JP Morgan Chase and thus cannot
owe Defendant any amount of money. *See* ECF Nos. 11-3 at 2, 4, 13-1 at 4, 6 (motor vehicle lease agreement signed
by Plaintiff stating that all title and interest are assigned to JP Morgan Chase Bank); *see also* ECF No. 13-1 at 12
(certificate of title application showing that JP Morgan Chase Bank is the secured party on Plaintiff's leased
vehicle). Finally, regarding Plaintiff's Motion to Introduce Prima Facie Evidence, Plaintiff attempts to introduce
more argument and unauthenticated evidence after the pending motions were briefed, with no justification.